JANE M. FLOOD, APPELLEE, V. OMAHA & COUNCIL BLUFFS
STREET RAILWAY COMPANY, APPELLANT.

FILED APRIL 3, 1915. No. 18046.

1. Instructions set forth in the opinion, when considered in connec-
tion with the testimony, *held* respectively properly given or re-
fused.

2. Carriers: INJURY TO PASSENGER: DAMAGES: REVIEW. Where, in an-
swering a question as to her loss of earnings, the plaintiff probably
misunderstood its purport and may have included some of the
profits from her investment in the sum she stated, while an objec-
tion and a motion to strike the answer should have been sustained,
the judgment will not be reversed upon that ground alone; the
verdict, as reduced by the district court, not being in excess of
what would be a fair compensation for the injuries the plaintiff
sustained, and the defendant not having attempted to elicit the
actual facts by cross-examination.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*John L. Webster* and *W. J. Connell,* for appellant.

*Brome & Brome* and *Fisher & Rooney, contra.*

LETTON, J.

Action for damages resulting from personal injuries.
Plaintiff recovered, and defendant appeals.

The petition charges that the plaintiff was a passenger
on one of defendant's street cars in Council Bluffs, Iowa;
that the car stopped at Hafer's stopping place for the pur-
pose of allowing passengers to alight; that the plaintiff
attempted to alight, and, when in the act of stepping to the
street, the defendant's employees in charge of the car care-
lessly and negligently started the car forward, and negli-
gently failed to warn or advise her; and that by the sudden
start she was thrown violently to the street and injured.
The answer pleads that the defendant stepped off while the
car was slowing up in order to stop, while running at a
rate of speed not to exceed four miles an hour; that the

employees were without warning that the plaintiff was about to alight; and that whatever injuries she sustained were due to her own negligence in stepping off a moving car.

The plaintiff is a single woman engaged in the furniture business at Battle Creek, Nebraska. She was accompanying her brother, who was taking his little girl to a hospital in Council Bluffs. The evidence on behalf of plaintiff tended to prove that she was unfamiliar with the locality; that the car stopped about 75 or 80 feet west of the usual stopping place, which was not at a street intersection, but at a point known as Hafer's stopping place; that a man left his seat, went forward, and alighted from the car; that the plaintiff followed him, and, when in the act of stepping down, the car was suddenly started, and she was thrown to the pavement and suffered the injuries complained of; and that car then moved a little more than its own length forward and stopped at the usual place.

The testimony for defendant was substantially to the effect that the car only made one stop, which was at the usual stopping place, and that as it was slowing down the plaintiff arose from her seat, walked to the front end of the car, and stepped off while it was in motion.

It is first assigned that the court erred in refusing to give defendant's request No. 6: "You are instructed that the only actionable negligence alleged in the petition in this case is that the car upon which plaintiff was a passenger, having stopped at Hafer's stopping place while plaintiff was in the act of alighting therefrom, was started forward suddenly, and threw plaintiff to the pavement, causing the injuries complained of. You are further instructed that you would not have the right in this case to declare or determine that the defendant was guilty of negligence in any other respect." The court by instruction No. 2 told the jury: "Before the plaintiff would be entitled to recover against the defendant, she must establish by a preponderance of the evidence that, while she was in the act of alighting from the car, it then standing still, the car was suddenly started forward, proximately being the

cause of her being thrown to the pavement. Should she establish such fact by preponderance of the evidence, you will find for plaintiff. But should she fail to establish such fact, to such degree, then you will find against her."

This instruction correctly stated the principal issue in the case. But it is argued that, since the petition alleged that the accident happened "at Hafer's stopping place," the plaintiff would not be entitled to recover unless she proved that defendant stopped the car at that spot, and started it then and there. Defendant suffered no prejudice by the omission to mention the precise point at which the accident happened. Where the plaintiff fell was only a short distance—not much more than a car length—from Hafer's stopping place. The defendant was in nowise misled by the testimony. Neither was there a fatal variance between the pleadings and the evidence, as defendant urges. Rev. St. 1913, secs. 7706, 7713. The argument that, "if the car stops at some place other than the regular stopping place, and for some purpose other than for receiving and discharging passengers, the defendant is not liable, * * * unless the trainmen knew * * * or should have known, that a passenger was in the act of stepping off the car when the car was started," is not persuasive, for the reason that the car was practically at the usual stopping place, another passenger alighted, and the conductor admits that he saw plaintiff leave her seat and walk to the front platform of the car apparently with the intention of alighting.

It is next urged that the court erred in giving to the jury that part of instruction No. 1 reading as follows: "If she started to leave the car while it was standing still, and the defendant's servants, while she was in the act of stepping from the car, started the same, then she is entitled to recover such damages as will work full compensation to her for her injuries."

It is urged that this instruction is inapplicable to the facts, and is an improper statement of the law, because the plaintiff did not leave the car at a regular stopping

place, but stepped or fell off before it reached the regular stopping place. This instruction should be read in connection with No. 2. Since the jury evidently believed the evidence in behalf of plaintiff that the car made a temporary stop just in front of the drug store on account of the track being blocked by other cars ahead of it, and afterwards moved up a short distance to the stopping place, the instruction was properly given. What has already been said as to instruction No. 2 also applies.

It is next urged that the court erred in receiving testimony as to the measure of damages, and in its instruction to the jury on the rule of damages. The testimony shows that plaintiff was taken to the hospital; was in bed there for about two weeks; that her health was good before the accident; that apparently two of her ribs were broken; that she suffered a sever concussion of the brain; that she was in intense pain during the whole time she was in the hospital and for months afterwards, the broken ribs hurting her every time she breathed. She was confined to her bed on account of the injuries after she got home. Her physician testified she suffered from traumatic neurasthenia, is very nervous, and will never fully recover from the injuries. She testifies that she was unable to take care of and manage her business until May, 1912, and that her ability to conduct her business since has been much impaired. Upon being asked what she was able to earn per month or year in the conduct of the furniture business prior to the time she received the injury, she answered, over defendant's objection: "Well, per month I would imagine from $100 to $200. Of course, I hadn't been in it a year, and hadn't made a yearly." Here she was interrupted by defendant's counsel, who moved to strike out the answer for the reasons urged in the objection, among which were that no foundation had been laid; that it was a mere conclusion; that it did not involve the true rule of damages; and was too remote, uncertain, and speculative, and did not state facts. The objection and motion were overruled.

The instruction complained of tells the jury: "Should you find for plaintiff, you will award her such sum of money as will compensate her for her injuries; therein considering the nature and extent of her injuries, and value of time lost by her, and the extent of incapacity, if any, resulting to her, and, if so, its fair value, the amount of pain and suffering endured, and what will compensate her for the same," etc. It is urged that when this instruction was given the jury only had before it speculative, conjectural and incompetent evidence with respect to the value of plaintiff's loss of time and services; that evidence of loss of profits is not proper for the purpose of enhancing damages. The testimony set forth seems to be the only evidence with regard to the value of plaintiff's time. The question did not call for a statement as to profits, but merely as to her earning capacity. The witness evidently misapprehended its purport. Her answer was vague and indefinite, and probably included the element of profits. It should have been stricken. But the defendant made no effort upon cross-examination to ascertain the true facts or to inquire as to what elements entered into this approximation. The question is now presented whether the evidence as to the injuries plaintiff suffered, without taking into consideration the evidence as to her probable earnings in the furniture business, is sufficient to sustain the verdict. It is clear that the plaintiff's time is of some value, and the jury would be justified in considering it worth at least as much as that of an ordinary clerk.

The verdict was for $5,500. At the hearing on the motion for a new trial the court ordered a remittitur of all in excess of $4,000, and entered judgment accordingly. This sum will not do more than fairly compensate the plaintiff for her injuries according to the undisputed testimony as to their severity.

We are of the opinion that the remittitur ordered by the district court operated to remedy the prejudice to defendant, if any, and that a new trial should not be ordered

on account of the reception of the testimony and the giving of the instruction last complained of.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.